## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LEIGH XAVIER BRANTLEY,

     Plaintiff,

     v.

fnu RADAR, *et al.*,

     Defendants.

Case No. 25-2046-EFM-ADM

---

### ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS
### AND
### REPORT AND RECOMMENDATION OF DISMISSAL

On January 29, 2025, pro se plaintiff Leigh Xavier Brantley filed this case purporting to assert civil-rights claims against persons (and a detention center) involved with a 2023 criminal case brought against him in Johnson County, Kansas.  (ECF 1.)  At the same time, he moved for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  (ECF 3.)  As discussed in further detail below, the court grants Brantley leave to proceed IFP, but recommends that the district judge dismiss his complaint for failure to state a claim upon which relief may be granted.

## I.    BRANTLEY MAY PROCEED IFP

Title 28 U.S.C. § 1915 allows courts to authorize commencing a civil action "without prepayment of fees or security therefore, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefore."  Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise."  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).  The decision to grant or deny IFP status under § 1915 lies within "the sound discretion of the district court."  *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).  The court has carefully reviewed the financial affidavit Brantley provided in support of his motion (ECF 3-1),

and the court finds that Brantley is unable to pay the filing fee required to commence this civil action.  The court therefore waives the filing fee and grants Brantley leave to proceed IFP.

## II.      THE COURT RECOMMENDS DISMISSING BRANTLEY'S COMPLAINT

### A.      LEGAL STANDARDS

When a plaintiff proceeds IFP, the court may screen the complaint under 28 U.S.C. § 1915(e)(2)(B).  The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The purpose of § 1915(e)(2) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate."  *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

Because Brantley is proceeding pro se, the court construes his pleadings liberally and holds them "to a less stringent standard than those drafted by attorneys."  *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006).  In doing so, however, the court does not "assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Brantley still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*

### B.      ANALYSIS

Brantley's complaint is substantively bare.  His statement of claim states only: "Under color of law my equal protection was compromised/denied which in hand lead to violating my civil rights all while defaming my character."  (ECF 1, at 4.)  Later in the complaint, Brantley indicates that a criminal case was filed against him on September 25, 2023, but that all charges were dropped.  (*Id.* at 6.)  He names as defendants the Johnson County Detention Center, a correctional officer, a police officer, and a defense attorney, but never mentions any of these defendants in the body of his complaint.

As stated above, § 1915(e)(2)(B)(ii) directs the court to dismiss an action that fails to state a claim on which relief may be granted.  Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard that applies to motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  To withstand dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Dismissal of a pro se plaintiff's complaint for failure to state a claim is "proper only where it is obvious that the plaintiff cannot prevail on the facts . . . alleged and it would be futile to give [plaintiff] an opportunity to amend."  *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

Here, the court recommends dismissal of Brantley's complaint for any number of reasons.  First, Brantley has not made factual allegations against any named defendant that would support a claim.  The facts alleged in his complaint do not implicate any of the named defendants.  "In pro se cases as in others, 'conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be granted."  *Chavez v. Perry*, 142 F. App'x 325, 330 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110).  The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).  Because Brantley's complaint does not allege facts implicating any defendant, it would be impossible for him to prevail on any claim asserted against them.  *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." (quotation and

citation omitted)).  The court therefore recommends that the district judge dismiss Brantley's complaint in its entirety on this basis.

Second, the court cannot construe the limited facts asserted in Brantley's complaint as supporting any actionable claim of constitutional deprivation.  To the extent Brantley uses the phrase "cruel and unusual punishment" in his request for punitive damages, his complaint does not support such a claim.  "To prevail on [a cruel-and-unusual punishment] claim, a plaintiff must allege facts which involve the wanton and unnecessary infliction of pain, punishment grossly disproportionate to the severity of the crime or that prison officials were deliberately indifferent to his health or safety." *Jackson v. Ward*, 159 F. App'x 39, 41 (10th Cir. 2005).  Brantley presents no such allegations.  Likewise, to the extent Bradley baldly asserts that his "equal protection was compromised," he states no facts demonstrating defendants treated him less favorably than any other person.  Thus, "[h]e fails to state an equal protection claim."  *Delaney v. Zmuda*, No. 19-3221-SAC, 2021 WL 843237, at *2 (D. Kan. Mar. 5, 2021).  And the same can be said of his defamation allegation—Brantley did not "present the exact statements that are the subject of his claim that [defendants] defamed him," and his conclusory allegations do not state a valid claim for relief.  *Rra-Shada v. City & Cnty. of Denver*, No. 04-CV-02505-LTB-OES, 2005 WL 8171863, at *7 (D. Colo. Nov. 23, 2005), report and recommendation adopted 2006 WL 8454311 (D. Colo. Jan. 24, 2006).

Finally, to the extent Brantley purports to sue Kansas, its courts, or its officials in their official capacities, his claims are barred by Eleventh Amendment immunity.  The Eleventh Amendment grants sovereign immunity to the states and its agencies, and operates to divest the court of subject-matter jurisdiction.  *See* U.S. Const. amend. XI; *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) ("The Eleventh Amendment is a jurisdictional bar . . . .").  "The

ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). Although Eleventh Amendment immunity is not absolute, no exception to the doctrine is apparent here. As mentioned above, 28 U.S.C. § 1915(e)(2)(B) supports dismissal of suits that "seek[] monetary relief against a defendant who is immune from such relief."

In short, the court cannot construe Brantley's complaint to assert a claim upon which relief may be granted against the defendants and granting him leave to amend would be futile. The nature of the action Brantley purports to bring, from what the court can tell, simply is not cognizable in federal court. The court therefore recommends that the district judge dismiss Brantley's complaint in its entirety.

* * * * *

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Brantley may file specific written objections to this report and recommendation within fourteen days after being served with a copy. If he does not file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this recommendation will be allowed by any court. *See In re Key Energy Res. Inc*., 230 F.3d 1197, 1199-1200 (10th Cir. 2000); *Tastan v. Los Alamos Nat'l Sec.,* LLC, 809 F. App'x. 498, 504 (10th Cir. 2020).

**IT IS THEREFORE ORDERED** that Brantley's Motion for Leave to Proceed IFP (ECF 3) is granted.

**IT IS THEREFORE RECOMMENDED** that Brantley's complaint be dismissed for the reasons set forth above.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this Report and Recommendation to Brantley via regular mail and certified mail, return receipt requested.

Dated February 3, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge